UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

| | |
|---|---|
| SHANAREE MUZINICH, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.:   3:18-cv-517 |
| v. ) | |
| ) | |
| MENARD, INC., ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF REMOVAL TO FEDERAL COURT BASED UPON DIVERSITY JURISDICTION**

Pursuant to the 28 U.S.C. §§1332, 1441 and 1446, Defendant, Menard, Inc. ("Menards"), by and through its attorneys, Christopher A. Koester of Taylor Law Offices, P.C., hereby submits this Notice of Removal to the United States District Court for the Southern District of Illinois, Benton Division, of the above-styled action, pending in the Circuit Court of the First Judicial Circuit, Williamson County, Illinois as case number 18–L–11. In support of this petition and as grounds for removal, Menards states as follows:

**I.      Background**

1.      On January 23, 2018, Shanaree Muzinich ("Muzinich") filed a Complaint entitled *Shanaree Muzinich, M.D., Plaintiff v. Menard, Inc., Defendant*, civil action number 18–L–11, in the Circuit Court of the First Judicial Circuit, Williamson County, Illinois.

2.      A copy of the *Muzinich* Complaint and Summons were served upon Menards on January 31, 2018. Copies of all process and pleadings served upon Menards are attached hereto as Exhibit 1.  See 28 U.S.C. § 1446 (a).

3.      The *Muzinich* Complaint alleges that Plaintiff sustained serious injuries as a result of an incident that occurred at the Menards store on April 22, 2017. Specifically, Plaintiff alleges

that she sustained "serious injuries including but not limited to lacerations and severed nerves, arteries and tendons to the fingers on her right hand."

4. This Notice of Removal is being filed within 30 days after receipt by Menards of the *Muzinich* Complaint and is, therefore, timely filed under 28 U.S.C. § 1446 (b). No further state court pleadings have been filed by any party as of the date of this Notice of Removal.

## II. Basis for Removal

5. This litigation is in a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because: (1) the action is between citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. For purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441, a "corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business…" 28 U.S.C. § 1332 (c)(1).

7. The *Muzinich* Complaint alleges that Menards is a Wisconsin corporation. Likewise, Menards principal place of business is in the state of Wisconsin.

8. Plaintiff also alleges in her Complaint that she is a resident of Carterville, Williamson County, state of Illinois.

9. Therefore, the parties are completely diverse.

10. Although no specific sum is demanded in the *Muzinich* Complaint, the amount in controversy exceeds $75,000.

11. Pursuant to 28 U.S.C. § 1446 (c)(2)(B), removal is proper if the court finds, by a preponderance of evidence, that the amount in controversy exceeds $75,000. Based upon the information received by Menards to date, as well as a telephone conversation by and between counsel for Menards and attorney Stephen Stone, attorney for Plaintiff, in addition to the normal

and customary claims associated with a bodily injury claim, *Muzinich* is claiming past, present and future loss of earnings associated with her inability to perform all of her duties as a radiologist. Clearly, Plaintiff is seeking economic and noneconomic damages far in excess of $75,000.

12. Therefore, it is apparent that there is a dispute in excess of $75,000.

13. This action may be removed to this Court pursuant to 28 U.S.C. § 1441 because, as set forth above, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. §1332, and this Court is the district and division "embracing the place where such action is pending." 28 U.S.C. § 1441 (a).

14. A copy of this Notice of Removal has been sent to *Muzinich* and is being filed in the Circuit Court of Williamson County, Marion, Illinois, to effect the removal of the action to the United States District Court, pursuant to 28 U.S.C. § 1446 (d).

WHEREFORE, Menards gives notice that the above-entitled action be removed and transferred from the Circuit Court of Williamson County, Illinois to the United States District Court for the Southern District of Illinois, Benton Division.

Respectfully submitted,

MENARD, INC.

By: /s/ Christopher A. Koester
One of its Attorneys

Christopher A. Koester #6208370
TAYLOR LAW OFFICES, P.C.
122 East Washington Avenue
P.O. Box 668
Effingham, Illinois 62401
(217) 342-3925
koester@taylorlaw.net
wernsing@taylorlaw.net

## CERTIFICATE OF SERVICE

Christopher A. Koester, attorney for Menard, Inc., hereby certifies that he has served a copy of the foregoing document upon:

Stephen W. Stone
Howerton, Dorris, Stone & Lambert
300 W. Main Street
Marion, IL 62959
sstone@hdslawfirm.com

by emailing and mailing to him a true and correct copy thereof at the address referred to above in an envelope addressed to him, bearing proper first class postage and deposited in the United States mail at Effingham, Illinois, this 1st day of March, 2018.

/s/ Christopher A. Koester

Christopher A. Koester #6208370
TAYLOR LAW OFFICES, P.C.
122 East Washington Avenue
P.O. Box 668
Effingham, Illinois  62401
(217) 342-3925
koester@taylorlaw.net
wernsing@taylorlaw.net

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE __FIRST__ JUDICIAL CIRCUIT
__WILLIAMSON__ COUNTY

SHANAREE MUZINICH, M.D.

Plaintiff

VS.

MENARD, INC.

Defendant.

2018L11

No. __18-L-_____

## SUMMONS

To each defendant: Menard, Inc., c/o Reg. Agent: Prentice Hall Corporation, 801 Adlai Stevenson Drive, Springfield, IL 62703

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court __Williamson County Courthouse__ building, room _____,
__200 West Jefferson, Marion_____ , Illinois, within 30 days after service of this summons, not
(Address)     (City)
counting the day of service, IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS __1/24__, 20__18__

__Angie E. Kochan__
(Clerk of the Circuit Court)

By: _____
(Deputy)

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)

HOWERTON, DORRIS, STONE & LAMBERT

Attorney for __Plaintiff__
300 West Main
Marion, IL 62959
(618) 993-2616

|  | Service and return ........................................................................... $ _____ |
|---|---|
| SHERIFF'S FEES | Miles ........................................................................... _____ |
|  | Total ........................................................................... $ _____ |

Sheriff of _____ County

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):

(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant.)

_____
_____
_____
_____
_____

(b) – (Individual defendants – abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons.

(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person.)

_____
_____
_____
_____

and also by sending a copy of the summons and the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Mailing Address | Date of mailing |
|---|---|---|
|  |  |  |
|  |  |  |

(c) – (Corporation defendants):

By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

(d) – (Other service):

_____
_____

_____, Sheriff of _____ County

By _____, Deputy

FILED
Williamson Co. Circuit Court
1st Judicial Circuit
Date: 1/23/2018 4:40 PM
Angie Kuchan

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
WILLIAMSON COUNTY, ILLINOIS

SHANAREE MUZINICH, M.D., )
)
        Plaintiff, ) 2018L11
)
vs. ) No.: 18-L-
)
MENARD, INC., )
)
        Defendant. )

## COMPLAINT

NOW COMES Plaintiff Shanaree Muzinich, M.D., by her attorneys, Howerton, Dorris, Stone & Lambert, and for her Complaint against Defendant Menard, Inc., states as follows:

1. Plaintiff Shanaree Muzinich, M.D., is a resident of Carterville, Williamson County, State of Illinois.

2. Defendant Menard, Inc., is a Wisconsin corporation authorized to do business in the State of Illinois.

3. At all times relevant, Defendant was the owner and operator of a retail business known as Menards located at 2500 Blue Heron Drive, Marion, Williamson County, Illinois, hereinafter referred to as "the store."

4. At all times relevant, Defendant was in exclusive possession, management and control of the store.

5. At all times mentioned herein, the store was open and used by the general public, including Plaintiff.

6. On or about April 22, 2017, at approximately 1:00 p.m., Plaintiff and her minor children were inside the store shopping for materials.

1

7. While Plaintiff and her minor children were inspecting bathroom fixtures, an unsecured display sink and vanity began to fall in the direction of Plaintiff's four-year-old son.

8. To prevent the vanity display from harming her son, Plaintiff grabbed the edge of the porcelain sink with her right hand and attempted to push the vanity display back into place.

9. As Plaintiff attempted to stabilize the sink and vanity, the sink shifted within the vanity and the entire display fell forward onto Plaintiff, causing the porcelain sink to shatter and lacerate Plaintiff's hand.

10. Defendant had a non-delegable duty to its customers to maintain a safe shopping area, including its display of sinks and vanities.

11. Agents and/or employees of the store did not safely secure the vanity and sink for use as a display.

12. The store placed no signs, offered no warnings or gave any other indication that the sink and vanity display were not properly secured.

13. Defendant was negligent in one or more of the following ways:

   (a) Failed to properly secure the display sink and vanity to prevent it from falling;

   (b) Failed to properly secure the sink and other components within the display vanity to prevent it from falling;

   (c) Failed to properly warn that the display sink and vanity were not secure so as to prevent them from falling;

   (d) Failed to train employees on how to properly secure the sink and vanity display so as to prevent it from falling;

   (e) Failed to inspect the sink and vanity display to insure it was properly secured so as to prevent it from falling;

2

14. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions to act by Defendant, Plaintiff sustained serious injuries including but not limited to lacerations and severed nerves, arteries and tendons to the fingers on her right hand.

15. Plaintiff suffered the following injuries and damages:

    (a) Past and future medical expense;

    (b) Pain and suffering;

    (c) Disfigurement;

    (d) Disability associated with the injury;

    (e) Lost wage;

    (f) Lost earning capacity

WHEREFORE, Plaintiff prays for judgment against Menard, Inc., plus costs of suit.

HOWERTON, DORRIS, STONE & LAMBERT

By _____

Stephen W. Stone #6204573
300 West Main
Marion, IL 62959
(618) 993-2616
(618) 997-1845 - fax
sstone@hdslawfirm.com

## AFFIDAVIT

The undersigned, being first duly sworn, pursuant to Illinois Supreme Court Rule 222, upon oath deposes and says that I am an attorney for the plaintiff in the foregoing cause, and have authority to execute this affidavit, and

3

that, to the best of my present knowledge the damages in this case might or could exceed $50,000.00.

HOWERTON, DORRIS, STONE & LAMBERT

By _____
Stephen W. Stone #6204573
300 West Main
Marion, IL 62959
(618) 993-2616
(618) 997-1845 - fax
sstone@hdslawfirm.com

STATE OF ILLINOIS        )
                         ) SS.
COUNTY OF WILLIAMSON     )

Subscribed and sworn to before me by Stephen W. Stone this 23rd day of January, 2018.

_____
Notary Public

```
"OFFICIAL SEAL
WENDY LEA GREER
Notary Public, State of Illinois
My Commission Expires: 01/27/2021
```

4